# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUINN FABLE ADVERTISING, INC, *Plaintiff,* v. SENTINEL INSURANCE COMPANY, LTD., *Defendant.* | No. 3:17-cv-01795 (JAM) |

**RULING GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Plaintiff is an advertising company that leased office space in the heart of midtown New York City. In early 2016, plaintiff learned that the air conditioning units on the roof of its building were covered in debris from a construction project at an adjacent building. It turned out that the air conditioning units were damaged beyond easy repair. Although plaintiff installed temporary air conditioning units, these units did not work well, and plaintiff's employees and customers sweltered through the ensuing summer. Plaintiff lost business and ultimately decided to move to new offices elsewhere in the city.

Plaintiff has now filed this lawsuit against its insurance company alleging that it has wrongfully withheld coverage for damages plaintiff suffered from this episode. Defendant has moved to dismiss one of the counts of the complaint and plaintiff's prayer for attorney's fees and punitive damages. I will grant in part and deny in part the motion to dismiss.

### BACKGROUND

According to the amended complaint, plaintiff Quinn Fable Advertising, Inc., had a business owner's insurance policy that was issued by defendant for its office premises at 115 East 55th Street in New York City. In February 2016, plaintiff learned that there was a significant

1

amount of construction-related debris on the rooftop air conditioning units of the building, apparently as a result of a construction project on an adjacent building. By June 2016, plaintiff was advised that the debris had damaged the air conditioning units so that they would not be working for the summer season.

Plaintiff promptly advised defendant Sentinel Insurance Company, Ltd., of the damage, and defendant paid to install new temporary air conditioning units in the building. But these temporary units were not up to the task, and plaintiff's business suffered due to the poor climate control in its building. Plaintiff eventually moved in September 2016 to another building and incurred significant expenses from this move.

Plaintiff later filed this federal diversity lawsuit alleging that defendant has failed to pay for plaintiff's covered losses under the insurance policy, including for plaintiff's expense for moving and loss of business income. Count One of the amended complaint alleges a claim for breach of contract, and Count Two alleges a claim for breach of the covenant of good faith and fair dealing (bad faith). In support of the claim of bad faith, the amended complaint alleges that defendant has refused to provide coverage "without any valid basis for its denial" and because of "a baseless belief" that plaintiff conspired in some manner with the construction contractor for the adjacent building. Doc. #7 at 5 (¶¶ 30-31). The amended complaint further alleges that defendant "willfully refused to adjust [plaintiff's] claims in good faith, intentionally delayed the investigation and adjustment of the claim, and refused to provide coverage for [plaintiff's] losses." *Ibid.* (¶ 31). The complaint seeks compensatory damages, including "economic damages suffered as a result of Sentinel's bad faith," punitive damages, and attorney's fees. *Id*. at 6. Defendant now moves to dismiss the second count of the amended complaint, as well as plaintiff's demand for attorney's fees and punitive damages.

**DISCUSSION**

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because the focus must be on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, my role in reviewing a motion to dismiss under Rule 12(b)(6) is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

### *Count Two – Bad Faith*

The parties agree that New York law applies to their dispute, and defendant moves to dismiss Count Two of the complaint on the ground that New York law does not allow for a claim of breach of the implied covenant of good faith and fair dealing as an independent cause of action separate and apart from a claim for breach of contract itself. I agree.

"In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance," and "[t]his covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002). Although New York law recognizes that the "parties to an express contract are bound by

an implied duty of good faith," it is equally clear that "breach of that duty is merely a breach of the underlying contract." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) (quoting *Harris v. Provident Life & Acc. Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)). Accordingly, "when a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Ibid.* (citing *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 434 n.17 (2d Cir. 2011)); *see also New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 319-20 (1995).[1]

It is clear to me here that the same facts comprise both the claim for breach of contract and the claim for breach of the implied covenant of good faith and fair dealing. The alleged bad faith actions—that defendant delayed and denied the claim for baseless or invalid reasons—are incident to and intertwined with plaintiff's core complaint that defendant failed to honor the insurance contract. "A plaintiff's breach of the implied covenant of good faith and fair dealing claim must allege facts different from those on which the breach of contract claim is based, including relief that is 'not intrinsically tied to the damages allegedly resulting from the breach of contract.'" *Optima Media Grp. Ltd. v. Bloomberg L.P.*, 2018 WL 1587074, at *6 (S.D.N.Y. 2018) (quoting *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 175 F. Supp. 3d 44, 63 (S.D.N.Y. 2016)); *see also County of Orange v. Travelers Indem. Co.*, 2014 WL 1998240, at *3 (S.D.N.Y. 2014) (dismissing duplicative implied covenant claim and noting that "[t]he delay and lack of investigation address the same ultimate grievance of failure to comply with the agreement"); *New York University*, 87 N.Y.2d at 319 ("To the extent that plaintiff alleges that defendants engaged in a 'sham' investigation to perpetuate their allegedly fraudulent scheme,

---

[1] Nor does New York law ordinarily allow a tort claim for bad faith refusal to honor a contract. *See New York Univ.*, 87 N.Y.2d at 318-19; *Ticheli v. Travelers Ins. Co.*, 2014 WL 12587066, at *3 (N.D.N.Y. 2014) (collecting cases).

those allegations merely evidence plaintiff's dissatisfaction with defendants' performance of the contract obligations.").

Plaintiff errantly relies on two decisions of the New York Court of Appeals that discuss the implied covenant of good faith and fair dealing in the context of concluding that a plaintiff's measure of damages for breach of contract may potentially include consequential damages. *See Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008), and *Bi-Econ. Mkt. Inc. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 192-93, 196 (2008). Neither of these decisions signals a departure from the general rule of New York law that there is no separate cause of action for breach of the covenant of good faith and fair dealing where a breach of contract has been pled. *See Int'l Rehab. Scis. Inc. v. Gov't Employees Ins. Co.*, 2014 WL 6387276, at *2–4 (W.D.N.Y. Nov. 14, 2014) (rejecting argument that the New York Court of Appeals' allowance for consequential damages in *Bi-Economy* somehow created "a separate 'bad faith' cause of action or abrogate[d] New York caselaw holding that a bad faith claim must be dismissed where it is based upon the same operative facts as a companion breach of contract claim").

Plaintiff cites no decisions of the New York Court of Appeals that explicitly recognize a cause of action for breach of the implied covenant of good faith and fair dealing that may stand separate from a cause of action for breach of contract. In the absence of such precedent, I choose to follow the Second Circuit's interpretation of New York law. *See Cruz*, 720 F.3d at 125 (citing cases).

### *Attorney's Fees*

Defendant moves to dismiss plaintiff's prayer for relief in the form of attorney's fees. Under New York law, an insured may recover attorney's fees against an insurer "where there is

5

'more than an arguable difference of opinion between [the insurance] carrier and insured over coverage' and there is a showing of 'such bad faith in denying coverage that no reasonable carrier would, under the given facts, be expected to assert it.'" *Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 70 (2d Cir. 2005) (*per curiam*) (quoting *Sukup v. State*, 19 N.Y.2d 519, 522 (1967)); *Haym Salomon Home for Aged, LLC v. HSB Grp., Inc.*, 2010 WL 301991, at *5 (E.D.N.Y. 2010) (same). Because it is premature at the motion-to-dismiss stage for me to resolve whether defendant acted with the requisite lack of arguable legal basis to warrant an award of attorney's fees, I will deny without prejudice defendant's motion to dismiss plaintiff's prayer for relief in the form of attorney's fees.

### *Punitive Damages*

Defendant next moves to dismiss plaintiff's prayer for punitive damages. Because plaintiff has declined at all to respond to defendant's argument in this respect, I will grant the motion to dismiss plaintiff's request for relief in the form of punitive damages. Nor is there any conceivably plausible basis in the complaint to infer that any misconduct by defendant was part of a pattern directed at the public generally, as is required to allow for punitive damages in this context. *See TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82, 93-95 (2d Cir. 2005). Plaintiff's prayer for punitive damages will be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's partial motion to dismiss (Doc. #11) is GRANTED in part and DENIED in part. The motion is GRANTED insofar as the Court dismisses Count Two and plaintiff's prayer for punitive damages. The motion is DENIED insofar as the Court declines at this time to dismiss plaintiff's prayer for attorney's fees.

It is so ordered.

Dated at New Haven this 30th day of May 2018.

                                                        /s/ *Jeffrey Alker Meyer*
                                                        Jeffrey Alker Meyer
                                                        United States District Judge